# United States Court of Appeals for the Fifth Circuit

———————

No. 22-50946
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jeremy Randall Ezell,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-68-1

———————————————————

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jeremy Randall Ezell appeals the 210-month, top-of-guidelines sentence imposed following his guilty plea to distribution and possession with intent to distribute five grams or more of actual methamphetamine and conspiracy to possess with intent to distribute 50 grams or more of actual

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

methamphetamine.    He argues that his sentence is substantively unreasonable.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).  Because the district court is best able to assess the facts and make an individualized determination, this review is "highly deferential."    *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011) (internal quotation marks omitted).  A sentence imposed within a properly calculated guidelines range is "presumptively reasonable," and we infer that the district court considered all the factors and considerations set forth in the Guidelines and in 18 U.S.C. § 3553(a).  *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  This presumption can be rebutted "only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Ezell has failed to show that his sentence was substantively unreasonable.  The district court properly considered all relevant factors and explained its reasons for the imposed sentence.  We will not reweigh the sentencing factors and substitute our own judgment for that of the district court, as Ezell requests.  *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

AFFIRMED.